# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JIMMY MCBRIDE, #228926, ) | |
| ) | |
| ) | CIVIL ACTION NO. 3:08-3068-GRA-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WILLIE EAGLETON, WARDEN ) | |
| ECI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Jimmy McBride ("McBride"), is an inmate with the South Carolina Department of Corrections serving a sentence of eight (8) years imprisonment for criminal sexual conduct with a minor, second degree. McBride filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 5, 2008. Respondent filed a return and motion for summary judgment on January 13, 2009. Because McBride is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 14, 2009 explaining to him his responsibility to respond to the motion for summary judgment. McBride filed his response on April 20, 2009.

## **Procedural Background**

On May 25, 2005, McBride pled guilty in Marion County pursuant to a negotiated plea to second degree criminal sexual conduct with a minor by having sexual intercourse with his eleven (11) year old biological daughter. McBride was represented by the Marion County Public Defender,

1

William S. Derrick, Esquire. No direct appeal was filed.

McBride filed an application for post-conviction relief ("PCR") on November 8, 2005, asserting that Mr. Derrick was ineffective in his representation. An evidentiary hearing was held on February 13, 2007. Robert F. McMahan, Jr., Esquire represented McBride. McBride was the only witness called because the State was unsuccessful in attempting to serve a subpoena on Mr. Derrick. Several exhibits were entered into evidence which are a part of the record before this Court. The PCR court issued an order of dismissal on March 13, 2007. (App. 64).

A petition for writ of certiorari was filed on McBride's behalf by the South Carolina Commission on Indigent Defense raising the following claim:

> Did the trial court err in failing to find trial counsel ineffective for not investigating any possible defenses for Appellant?

The petition for writ of certiorari was denied by a letter order of the South Carolina Supreme Court dated May 30, 2008. The Remittitur was returned on June 17, 2008. McBride filed a "Petition for Re-Hearing En Banc" dated June 27, 2008. Respondent states that the petition for rehearing "was never ruled on, presumably because of its late filing" (Res.Mem., p. 8), i.e. after the return of the Remittitur.

### Grounds for Relief

In his present petition McBride asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**       Petitioner's trial counsel provided ineffective assistance.

**Supporting Facts:** Trial counsel failed to adequately pursue all plausible defenses to the crime charged.

**Ground Two:**       Petitioner's guilty (sic) unintelligent and

|  |  |
|---|---|
|  | involuntarily entered. |
| **Supporting Facts:** | The petitioner entered his guilty plea based on the erroneous advice of counsel (counsel's failure to advise petitioner of plausible defenses to the crime charged and, object to lack of corpus delicti of crime) rendered counsel's advice erroneous and guilty plea involuntary. |
| **Ground Three:** | Petitioner is actually innocent of the crime charged (state failed to establish corpus delicti of crime). |
| **Supporting Facts:** | The petitioner was indicted for CSC $2_{nd}$ degree, S.C. Code of Laws requires elements to be established before the act may be considered a crime. The elements needed to establish the offense were not present based upon the reports and examinations of the victim. |

## Discussion

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

3

>>(A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>>(B)(i)  there is either an absence of available State corrective process; or
>
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>(2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>(3)    A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

>The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68,

4

221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[1] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir.

---

[1] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

5

1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

### 2. Procedural Bypass[2]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

---

[2]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

6

>   not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

>   the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an

actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocense. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Respondent asserts that McBride's claims are procedurally barred because they were defaulted in state court. McBride's three claims for relief all relate to the single issue presented in the petition for writ of certiorari, i.e., trial counsel was ineffective because he failed to investigate and discover a defense to the charge. Respondent argues that the claim was defaulted because it was not addressed in the PCR court's order of dismissal and PCR counsel did not make a motion pursuant to Rule 59(e), SCRCP, to require the court to rule on it. Respondent made a similar argument in the return to the petition for writ of certiorari.

Review of the PCR court's order shows that the court recognized McBride's claims that (1) "counsel failed to perform any factual or legal pretrial investigation" and he "had a perfect defense but did not know how to assert it." (App. 65). In its "Findings of Fact and Conclusions of Law"

section, the court began by finding that McBride's testimony was "manifestly not credible". (*Id.*) Then the court specifically addressed and rejected McBride's claim that his trial counsel was ineffective for failing to consult with him regarding a direct appeal.[3] The PCR court next addressed McBride's "Other Ineffective Assistance Grounds/Involuntary Guilty Plea." The PCR court's order is short on detail. The court generally held that McBride failed to meet his burden of proof to show that counsel was ineffective because at the guilty plea he (McBride) "did not understand the allegations against him or that he was not informed of his rights." (*Id.* at 68). The court's conclusion that McBride failed to carry his burden of proof is premised on the finding that McBride's PCR testimony was not credible and that it was contradicted by his sworn statements during the change of plea hearing. (*Id.*).

The record shows that the ground asserted in the petition for writ of certiorari was generally raised in the PCR application (App. 17), and that it was the focus of McBride's testimony during the evidentiary hearing. The PCR court addressed the claim in vague fashion under the heading of "Other Ineffective Assistance of Counsel/Involuntary Guilty Plea." Then the issue was presented in the petition for writ of certiorari. The undersigned concludes that McBride "fairly presented" the "substance" of his claim to the state courts. Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982). Therefore, it is not procedurally barred.

### B. Ineffective Assistance of Counsel

Since McBride filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert.*

---

[3]This claim is not raised in the present petition.

*denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to

11

effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The indictment alleges that McBride sexually assaulted his daughter on July 26, 2003. (App. 76). The records introduced by McBride at the PCR hearing shed some light on the investigation. It appears the incident was reported relatively soon after it occurred because the victim was examined by medical personnel on July 31, 2003. The medical report concludes "(a)lthough the exam findings

13

were normal, this does not rule out the possibility of past penetration/oral copulation or fondling."[4] A pair of shorts and panties (presumably belonging to the victim) were sent to SLED for forensic evaluation. A report dated December 17, 2003 shows that no hair was found on the garments, but a sample was taken from the shorts and "sent to the DNA Department fo semen identification." A later report, dated February 23, 2004 showed the examination was positive for semen. The arrest warrant was issued on August 4, 2004.

At the PCR hearing McBride denied that he had sexual intercourse with his daughter and that he was unaware of the allegation because he never saw the indictment. He further testified that he was not provided with a copy of the discovery, including the SLED reports mentioned above.[5] As noted above, the PCR completely rejected McBride's testimony, and relying on the transcript of the guilty plea, implicitly found that he was aware that he was charged with having sexual intercourse with the victim. Indeed, at the plea hearing the solicitor specifically noted on the record that the facts supporting the charge were that "on July 26, 2003, on Carolina Wren Road in Mullins at approximately 1:00, Mr. McBride committed sexual battery upon his eleven year old daughter...having intercourse with her." (App. 5). Under questioning by the court, McBride admitted having "sexual involvement" with his daughter. (App. 8-9). The PCR court, based on its rejection

---

[4]The form on which the conclusion was entered states: "A normal exam does not rule out maltreatment...Recognize that finding diagnostic of sexual abuse/conduct are exceedingly rare when the contact has occurred greater than 72 hours from the physical exam."

[5]According to McBride he requested the discovery from Mr. Derrick and SLED after he was sentenced. At the hearing, McBride introduced the reports with a copy of a cover letter dated March 18, 2005 (two months before his guilty plea), enclosing a copy fo the indictments and the reports. He also introduced a copy of the envelope in which he received the letter and attachments. The envelope is postmarked June 19, 2006 (over a year after the guilty plea). The discrepancy in the dates is unexplained.

of McBride's testimony and his sworn statements at the plea hearing, found that McBride had failed to carry his burden of proof in the action.

The PCR court did not mention the exhibits McBride introduced at the hearing as discussed above. He argues that had his attorney done an appropriate investigation, discovered these materials, and presented them to him, he would not have pled guilty. The PCR court did not address the unexplained discrepancy in the date of the letter forwarding a copy of the indictment and the SLED reports to McBride and the post-mark on the envelope. However, even assuming that McBride did not receive the documents until after his plea, they do not support his contention that he had a complete defense to the charge. The medical report was inconclusive and the DNA test showed the presence of semen. McBride presented no other evidence at the PCR hearing to show that the sexual battery did not occur. Therefore, the undersigned concludes that the findings of the PCR court were not an unreasonable application of <u>Strickland</u> and <u>Hill</u>.

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted** and the petition **dismissed** without an evidentiary hearing.

                                                            Joseph R. McCrorey
                                                             United States Magistrate Judge

May 28, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).