UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jimmy McBride, #228926, | ) | C/A No.: 3:08-cv-3068-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Willie Eagleton, Warden, ECI | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on May 28, 2009. The petitioner originally filed for relief under 28 U.S.C. § 2254, on September 5, 2009, arguing inter alia that his incarceration was in violation of the United States constitution because he had been denied the effective assistance of counsel. The respondent filed a motion for summary judgment on January 13, 2009. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 14, 2009, advising the petitioner about the consequences of failing to respond to the respondent's motion. After the Court granted an extension, the petitioner filed a response on April 20, 2009. The magistrate recommends granting the respondent's motion for summary judgment and dismissing the petition with prejudice. The petitioner filed objections on June 19, 2009. For the reasons stated herein, notwithstanding the petitioner's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

## **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner filed timely objections.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see*

*United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). This Court will construe the petitioner's objections liberally, but it will only address the petitioner's specific objections.

### **Objections**

The petitioner's first specific objection is that the state court misapplied the law to his case in issuing a decision because the public defender representing him did not testify at his post conviction relief hearing. He states that South Carolina Code § 17-27-10 et. seq. and *Strickland v. Washington*, 466 U.S. 668 (1984) require the attorney's testimony at a post conviction relief hearing. He states that according to law he should be entitled to an evidentiary hearing allowing his lawyer to be available to testify. This objection is incorrect as a matter of law. *Strickland* does not require the attorney's testimony. The Court stated in *Strickland*, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."

*Strickland v. Washington*, 466 U.S. 668, 690.  The Court stated that a trial after a criminal trial would impair counsel and "discourage the acceptance of assigned cases." *Id*. at 689.  This objection is without merit as a court must only judge the reasonableness of Counsel's actions at the time of the conduct.  Nothing in the South Carolina Code nor in the *Strickland* case can be read as to require an attorney's testimony at a post-conviction hearing.

The remainder of the petitioner's objections merely reargue and restate the issues that were set forth in his petition and opposition to summary judgment.  These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.  Therefore, the objections lack specificity to trigger *de novo* review and will not be addressed.

### Conclusion

After reviewing the record, the Report and Recommendation, and the petitioner's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's motion for summary judgment be GRANTED.  IT IS ALSO ORDERED THAT the petition be dismissed.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

July 2, 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**